**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Andre Anthony LEWIS, Defendant— Appellant.**

No. 08–30097.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 21, 2009.*

Filed Jan. 29, 2009.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Helen J. Brunner, Esquire, Assistant U.S., William Henry Redkey, Jr., Assistant U.S., Office of the U.S. Attorney, Seattle, WA, for Plaintiff–Appellee.

Anna Marie Tolin, Law Office of Anna M. Tolin, Seattle, WA, for Defendant–Appellant.

Before: REAVLEY,** Senior Circuit Judge, and TALLMAN and M. SMITH, Circuit Judges.

### MEMORANDUM ***

Defendant–Appellant Andre Anthony Lewis appeals both his conviction pursuant to a conditional plea of guilty and his sentence for possession of cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). We affirm.

Lewis first claims that the district court improperly denied his motion to suppress. An affidavit in support of a search warrant demonstrates probable cause if, under the totality of the circumstances, it reveals a fair probability that contraband or evidence of a crime will be found in a particular place. *United States v. Celestine,* 324 F.3d 1095, 1102 (9th Cir.2003) (citing *Illinois v. Gates,* 462 U.S. 213, 238, 103 S.Ct. 2317, 2332, 76 L.Ed.2d 527 (1983)). This court must uphold the warrant if, "under the totality of the circumstances, the [judge] had a substantial basis for concluding that probable cause existed." *Celestine,* 324 F.3d at 1102 (quoting *United States v. Schmidt,* 947 F.2d 362, 371 (9th Cir.1991)). The district court in this case had a sufficient basis to believe that there was a fair probability that evidence or contraband would be found in the impounded vehicle.

■ The district court conducted a hearing pursuant to *Franks v. Delaware,* 438 U.S. 154, 155–56, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978), on Lewis's motion to suppress. The court ruled that Lewis had neither shown that the affidavit of Detective Shandy Cobane, upon which the search warrant was based, contained any misstatements of fact, nor that any misstatements were deliberate or reckless. The evidence from the suppression hearing corroborates the averments in Detective Cobane's affidavit that Lewis was seen with a large amount of cash at the scene of the drive-by shooting, was moving items in or out of the trunk of his vehicle, and had generally failed to cooperate with the investigation. Cobane's averment that Lewis had flashed a gang sign at the fleeing suspect vehicle was permissibly deduced from police and witness statements describing Lewis's gesture. *See Hart v. Parks,* 450 F.3d 1059, 1067 (9th Cir.2006) (explaining that officers may "draw on their own experience and specialized train-

---

** The Honorable Thomas M. Reavley, Senior United States Circuit Judge for the Fifth Circuit, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir. Rule 36–3.

ing to make inferences from and deductions about the cumulative information available to them that might well elude an untrained person" (internal quotation marks and citation omitted)). As also stated in his affidavit, Cobane knew Lewis to be a gang member and convicted felon. We agree with the district court's conclusion following the evidentiary hearing that the totality of these circumstances, as they were truthfully presented in Cobane's affidavit, demonstrates probable cause, that is, "a fair probability that contraband or evidence of a crime" would be found in Lewis's car. *Celestine*, 324 F.3d at 1102.

█ Lewis also asserts that his 151–month sentence was unreasonably severe because the court placed disproportionate emphasis on his classification as a career criminal and gave too little consideration to mitigating evidence. He further contends that the sentencing judge insufficiently explained the basis for his sentence. We are satisfied from our review of the record that the district court adequately considered all the evidence, addressed the parties' arguments, and consulted the sentencing factors listed in 18 U.S.C. § 3553(a) before imposing the sentence. *See, e.g., Rita v. United States*, 551 U.S. 338, 127 S.Ct. 2456, 2468, 168 L.Ed.2d 203 (2007) (requiring a sentencing judge to "set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority"); *United States v. Carty*, 520 F.3d 984, 995–96 (9th Cir.2008) (en banc). Giving due deference to the district court's articulated and reasoned concerns regarding Lewis's extensive criminal history, the need to deter further wrongdoing and to protect the public, and, impliedly, how these factors outweighed other considerations, *see Gall v. United States*, —— U.S. ——, 128 S.Ct. 586, 602, 169 L.Ed.2d 445 (2007) (restricting substantive review of sentences, whether within or outside of the Guidelines, to abuse of discretion), we also reject Lewis's contention that his within-Guidelines sentence was substantively unreasonable. *See United States v. Mohamed*, 459 F.3d 979, 986 (9th Cir.2006).

The sentencing judge's supposed "recollection" about the evidence presented in the suppression hearing was consistent with the evidence actually presented at the hearing. Whether the judge "recollected" what he read or misspoke in his statement, it did not affect the substantial rights of Lewis.

Finally, Lewis asserts that the district court violated his Fifth and Sixth Amendment rights by applying sentencing enhancements that were neither alleged in the indictment nor proven beyond a reasonable doubt. As Lewis acknowledges, this argument is foreclosed by our precedent. *See United States v. Jennings*, 515 F.3d 980, 988 (9th Cir.2008) (rejecting a Sixth Amendment challenge to judicial determinations regarding the application of the Armed Career Criminal Act enhancement for prior violent felonies); *United States v. Moreland*, 509 F.3d 1201, 1219–21 (9th Cir.2007) (declining to require that findings necessary to determine the appropriate Guidelines range be proven to a jury beyond a reasonable doubt).

AFFIRMED.